IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMANDA R. STARK                                                                PLAINTIFF

        v.            Civil No. 2:14-cv-02243-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Amanda Stark, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

On August 29, 2006, the Plaintiff filed an application for DIB alleging disability since September 1, 2004, due to depression, high blood pressure, lumbar back problems, obesity, anger problems, and mood swings. (Tr. 132, 152, 176-177, 565-569, 591, 604-605, 623, 639) In a decision dated December 17, 2008, an Administrative Law Judge ("ALJ") found the Plaintiff disabled as of September 7, 2006. (Tr. 40, 468, 480-491) On May 17, 2012, pursuant to a continuing disability review, the Commissioner determined her disability ceased on May 1, 2012. (Tr. 493-495, 590-601) A disability hearing officer upheld this determination upon reconsideration after a disability hearing. (Tr. 505-527) Pursuant to the Plaintiff's request, an Administrative Law

Judge ("ALJ") held an administrative hearing on February 19, 2013. (Tr. 441-467) Plaintiff was present and represented by counsel.

At this time, she was 37 years old with a high school education. (Tr. 49) She had past relevant work ("PRW") experience as a cashier, quality control inspector in a chicken plant, general poultry worker, and office worker. (Tr. 153, 160-167, 209, 606-613)

On August 30, 2013, the ALJ concluded Plaintiff's disorder of the back, mood disorder, high blood pressure, and diabetes mellitus continued to be severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 42-43, 49) Further, he found she experienced medical improvement as of May 1, 2012, rendering her capable of performing light work

> except she could understand, remember and carry out simple, routine, repetitive tasks. She can respond to usual work situations, routine work changes and supervision that is simple, direct and concrete. The claimant can occasionally interact with coworkers but should have no contact with the public.

(Tr. 44-45) With the assistance of a vocational expert, the ALJ concluded the Plaintiff could perform work as a maid/housekeeping cleaner, production worker, and extrusion press operator. (Tr. 50)

The Appeals Council denied the Plaintiff's request for review on October 22, 2014. (Tr. 1-6) Subsequently, Plaintiff filed this action. (ECF No. 1) This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 10)

**II.   Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than

a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20C.F.R. § 404.1520(a)(4)(v).

### III. <u>Discussion:</u>

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present case, the Plaintiff suffers from a mood disorder and intermittent explosive disorder ("IED"). At the Commissioner's request, Dr. Terry Efird completed a mental diagnostic evaluation on May 3, 2012. (Tr. 699-704) Dr. Efird diagnosed her with bipolar disorder, anxiety

disorder, and IED and assessed a global assessment of functioning ("GAF") score[1] of 50-60. A GAF score in this range is indicative of serious to moderate impairment in social or occupational functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000). He noted the Plaintiff's history of relationship difficulties, difficulties getting along with co-workers and supervisors, and three to four terminations from past employment due to her IED. He was not, however, asked to complete an RFC assessment.

Treatment notes from Vista Health (Tr. 927-933, 934) and Western Arkansas Guidance and Counseling ("WAGC") Center (Tr. 9-12, 13-20, 23-24) dated between 2012 and 2014 also reveal diagnoses of mood disorder and IED. Records indicate the Plaintiff's husband was diagnosed with lung cancer in May 2012, resulting in an increase in her anger and depression. She also endorsed frequent anger outbursts, impulsivity, mood swings, and significant anxiety. Further, both examiners assessed her with GAF scores indicative of severe impairment.[2]

On August 30, 2013, the ALJ concluded the Plaintiff suffered from a mood disorder limiting her to simple, unskilled work requiring no more than occasional interaction with co-workers and no contact with the public. Aside from stating she could handle simple, direct, and concrete supervision, he did not place any limitations on her ability to interact with supervisors. Because the record suggests that the Plaintiff's ability to interact with supervisors and/or authority figures would be just as, if not more, impaired than her ability to interact with co-workers and the

---

[1] We recognize that the DSM–V was released in 2013, replacing the DSM–IV. The DSM–V has abolished the use of GAF scores to "rate an individual's level of functioning because of 'its conceptual lack of clarity' and 'questionable psychometrics in routine practice.'" *Alcott v. Colvin*, No. 4:13–CV–01074–NKL, 2014 WL 4660364, at *6 (W.D. Mo. Sept. 17, 2014) (citing *Rayford v. Shinseki,* 2013 WL 3153981, at *1 n. 2 (Vet.App.2013) (quoting the DSM–V)). However, because the DSM–IV was in use at the time the medical assessments were conducted in this case, the Global Assessment of Functioning scores remain relevant for consideration in this appeal. *Rayford*, 2013 WL 3153981, at *1 n. 2.

[2] Examiners assessed GAF scores of 42 and 50. (Tr. 927-933, 934)

public, we cannot say substantial evidence supports the ALJ's RFC assessment. Remand is, therefore, necessary to allow the ALJ to reevaluate the Plaintiff's RFC.

On remand, the ALJ is directed to obtain mental RFC assessment from the Plaintiff's treating counselor and psychiatrist at WAGC to ensure the record is fully and fairly developed regarding the Plaintiff's mental limitations. If these sources refuse or are otherwise unable to complete an RFC assessment, the ALJ is directed to order a consultative mental exam complete with a mental RFC assessment.

**IV.   Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of February, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE